**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4551**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMES HUBBARD SMITH,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00057-CCE-5)

Submitted:  April 26, 2018                    Decided:  May 4, 2018

Before TRAXLER, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Trenkle, EDWARDS & TRENKLE, PLLC, Pittsboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Benjamin J. Corcoran, Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Hubbard Smith pled guilty to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). The district court found that Smith's actions merited a sentencing enhancement for maintaining a premises for the purpose of distributing illegal drugs, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2016). Smith appeals, asserting that the enhancement was unsupported by the evidence. Finding no error, we affirm.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Catone*, 769 F.3d 866, 875 (4th Cir. 2014). A two-level enhancement is warranted under USSG § 2D1.1(b)(12) when a defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." The commentary clarifies that "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." USSG § 2D1.1 cmt. n.17. It is possible for a personal residence to have a second primary purpose of drug distribution. *See United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014) ("Living in a residence and cooking drugs in it can both be relevant purposes under the guideline. . . . [P]recedents under the guideline do not carve out residences as safe havens from being drug-production premises."); *United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012) (holding enhancement applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home at the times in question").

2

Smith acknowledges that he maintained the subject residence. Moreover, he does not dispute evidence showing that, on several occasions at his residence between June 2016 and November 2016, he received and paid for large quantities of cocaine. We conclude that the district court did not clearly err in finding that the evidence was sufficient to merit application of the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*